[986 NYS2d 426]

In the Matter of MARIE P. FLAHERTY (Admitted as MARIE PAU-
LETTE FLAHERTY), an Attorney, Respondent. DEPARTMENTAL
DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-
MENT, Petitioner.

First Department, May 8, 2014

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

Respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Marie P. Flaherty was admitted to the practice of law in the State of New York by the Third Judicial Department on January 26, 1993, as Marie Paulette Flaherty. At all times relevant to this proceeding, she maintained a registered business address within the First Judicial Department.

The Departmental Disciplinary Committee began its investigation into respondent's conduct after receiving a June 2012 complaint letter from a Housing Court Judge and two July 2012 complaint letters from attorneys. The complaints alleged that after the Housing Court Judge ruled against respondent in a landlord-tenant dispute in which respondent was appearing pro se and the complainant attorneys represented her landlord's managing agent and its principal, respondent authored numerous Internet postings making false allegations about the Judge, attorneys, and the attorneys' firms and clients. The Committee forwarded the three complaints to respondent, but she did not immediately submit any answers.

In September 2012, respondent requested a 20-day extension to answer the complaints. In October 2012, respondent submitted three brief and essentially identical answers stating that the Internet postings did not attribute authorship to her and that the Rules of Professional Conduct do not require her to respond to the complainants' "back-door" attempts to obtain information about anonymous bloggers.

In November 2012, the attorney complainants replied to respondent's answers, pointing out that respondent did not deny authorship of the posts, reiterating the circumstantial evidence that she was the author, and attaching newer false postings allegedly written by respondent.

On December 6, 2012, the Committee requested that respondent appear at an examination under oath on December 20, 2012, and respondent declined to appear by fax on December 19, stating that she was not in town and that complainants' actions had caused a delay in her receiving the request. In June 2013, the Committee informed respondent that her rescheduled deposition was set for July 10, 2013, on which date respondent failed to appear. In September 2013, the Committee served respondent with a judicial subpoena duces tecum requiring her to appear for a deposition on October 17, 2013 and to produce all Internet postings and messages authored by her from January 1, 2009 to the present concerning the complaining judge, as well as another Housing Court Judge who had presided over pretrial matters in the landlord-tenant dispute, and the defendants in a related action respondent had brought in Supreme Court. Again, respondent did not appear on October 17, nor did she request an adjournment. That afternoon, the Committee mailed a letter to, emailed, and attempted to fax respondent to notify her that her failure to appear and cooperate with the Committee's investigation could constitute grounds for a motion for immediate suspension. Respondent has not replied to the letter or provided any explanation for her failure to appear.

By notice of motion dated November 4, 2013, the Committee moves for an order immediately suspending respondent from the practice of law pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), arguing that respondent willfully failed to cooperate with the Committee's investigation of the three complaints filed against her by not providing substantive answers to the complaints and by not complying with this Court's subpoena requiring her to appear for deposition and produce the specified Internet postings.

Respondent cross-moves for an order denying the Committee's motion, quashing the subpoena, adjourning the disciplinary investigation, and transferring the matter to the Third Department. Among other arguments, respondent contends that: (1) the subpoena was improperly served and is overly broad; (2) the Committee is seeking to conduct discovery on behalf of the defendants in her related action; (3) an "adjournment" of the investigation is warranted because there is identity of issue between it and the related action, in which respondent claims that complainants herein filed frivolous disciplinary complaints containing defamatory statements; (4) the Committee is seeking irrelevant material because none of the postings

attribute authorship to respondent and it has not cited to any alleged statement which violates a disciplinary rule; (5) transfer to the Third Department is warranted because of favoritism and bias in the Committee and First Department; and (6) compelling her to produce and identify herself as the author of anonymous Internet postings infringes upon her First Amendment rights.

In reply, the Committee principally argues that: (1) respondent was properly served with the subpoena at her registered address, the only address she uses, by first-class and certified mail, return receipt requested in accordance with 22 NYCRR 605.11 (d); (2) the subpoena is not overly broad insofar as it only seeks Internet postings related to the two named judges and the defendants in her suit; (3) the Committee is not assisting the defendants in respondent's suit but is conducting an investigation into the complaints that respondent made false statements about the two judges in violation of rule 8.2 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0); (4) deferral of the investigation pending determination of respondent's civil suit is not required under 22 NYCRR 605.9 (b) (1); and (5) respondent has not demonstrated any favoritism or bias on the part of the First Department which would warrant transfer of this matter. The Committee does not address respondent's First Amendment argument.

Pursuant to 22 NYCRR 603.4 (e) (1) (i), this Court may suspend an attorney from the practice of law pending a disciplinary investigation upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon the attorney's failure to comply with any lawful demand of the Committee made in connection with an investigation. Respondent's failure to provide substantive answers to the complaints and comply with the subpoena demonstrates a willful noncompliance with the Committee's investigation that threatens the public interest and warrants an immediate suspension from the practice of law (*Matter of Ciccone*, 111 AD3d 115 [1st Dept 2013]; *Matter of Jones*, 110 AD3d 126 [1st Dept 2013]).

Respondent's arguments supporting her cross motion to quash the subpoena, adjourn the disciplinary investigation, and transfer the matter to the Third Department lack merit. The Committee has shown that the subpoena was properly served and appropriate in scope, that its investigation is proper and need not be deferred, and that no evidence of favoritism or bias

exists. We need not address respondent's argument under the First Amendment at this time, as respondent is obligated to appear for a deposition before the Committee, at which time she may assert any relevant constitutional rights.

Accordingly, the Committee's motion should be granted, respondent's cross motion denied, and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of the Court.

SWEENY, J.P., ACOSTA, ANDRIAS, FREEDMAN and FEINMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court. Cross motion denied.